UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

Plaintiff,

v.

JERRAMEY LYNDELL ROPER,

Defendant.

CASE NO. CR12-5085 BHS

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE

This matter comes before the Court on Defendant Jerramey Roper's Motion to Reduce Sentence, Dkt. 110, and Roper's Supplemental Motion to Reduce Sentence, Dkt. 137.[1] The Court has considered the briefing filed in support of and in opposition to the motion and the remainder of the file and denies the motions for the reasons stated below.

## I. BACKGROUND

In March 2012, Roper was charged by indictment with Felon in Possession of Ammunition in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), 924(e); Felon in Possession of Firearm and Ammunition in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2),

[1] The Government's Motion to Seal, Dkt. 144, is GRANTED.

924(e); Possession of Cocaine Base with Intent to Distribute in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii); Felon in Possession of Firearms in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), 924(e); Possession of Firearms in Furtherance of Drug Trafficking in violation of 18 U.S.C. §§ 924(c)(1)(A); and Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1), 924(a)(2), and 924(e). Dkt. 10. Roper pled guilty to Possession of Cocaine Base with Intent to Distribute (Count 3) and Possession of Firearms in Furtherance of Drug Trafficking (Count 5). Dkts. 77, 78. The Government dismissed the remaining counts. Dkt. 89. Judge Leighton[2] sentenced Roper to 204 months followed by 5 years of supervised release. Dkt. 90. Roper is currently housed at the Federal Correctional Institute in McDowell County, West Virginia ("FCI McDowell") and is scheduled to be released on April 24, 2026.

Roper filed a pro se motion to reduce his sentence on March 2, 2021. Dkt. 110. He was appointed counsel on March 5, 2021, Dkt. 112, but his counsel immediately filed to withdraw, citing irreconcilable differences, Dkt. 113. He was appointed new counsel on March 23, 2021, Dkt. 119, and his counsel filed a supplemental motion to reduce sentence, Dkt. 137.

Roper moves to reduce his sentence arguing that, if sentenced today, he would be subject to a lower advisory guideline range. Dkt. 137 at 4. He also argues release is appropriate because he is suffering from continuing health issues from contracting

[2] This case was reassigned to the undersigned in March 2021 after Judge Leighton retired from the federal bench. Dkt. 111.

COVID-19 in early 2021, he is at high risk for re-contracting COVID-19, he has undertaken successful rehabilitation efforts, and he has continued family support. *Id.*

## II. DISCUSSION

### A. Motion to Reduce Sentence Under § 3582(c)(2)

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). One of those limited circumstances is provided under 18 U.S.C. § 3582(c)(2), which allows for a reduction in sentence (also known as compassionate release) after a change in the sentencing guidelines:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

While Roper's supplemental petition explicitly brings his motion under 18 U.S.C. § 3582(c)(1)(A)(i), Dkt. 137 at 1, his initial petition, filed pro se, cites 18 U.S.C. § 3582(c)(2), and the Government dedicates part of its response to arguing that Roper does not qualify for a sentence reduction under § 3582(c)(2), Dkt. 143 at 5–7. Roper argues that if he were sentenced today, he would be subject to a lower guideline range both because he would not be considered a career criminal and because of changes to the

guidelines regarding cocaine base (i.e., crack). Dkt. 137 at 4. The Government argues that Roper is not eligible for a sentence reduction under § 3582(c)(2) because his guideline range was not lowered by an amendment to the sentencing guidelines. Dkt. 143 at 5–7.

**1.   Career Offender**

Under the United States Sentencing Guidelines, a defendant is considered a career offender if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

United States Sentencing Guidelines Manual ("USSG") § 4B1.1(a). If a defendant is considered a career criminal under the guidelines, the defendant's offense level is increased if his offense level is below the applicable offense level listed in USSG § 4B1.1(b). A crime is considered a "crime of violence" if it is "punishable by imprisonment for a term exceeding one year," and it "has as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* at § 4B1.2(a). The Ninth Circuit concluded, contrary to prior precedent, that the "term exceeding one year" provision in § 4B1.2 refers to the actual maximum sentence available in the particular case, not the statutory maximum sentence for the offense. *United States v. Valencia-Mendoza*, 912 F.3d 1215, 1219 (9th Cir. 2019). A career offender's criminal history category is Category VI in every case. USSG § 4B1.1(b).

It is undisputed that Roper was at least eighteen at the time he committed the instant offenses of conviction and that the instant offenses are felonies that are controlled

substance offenses. Roper disputes that he has two qualifying prior convictions that make him a career offender. Dkt. 137 at 6–7.

In his Presentence Investigation Report, Roper has seven prior criminal convictions. Dkt. 85 at 6–8. Four of those convictions qualified, at the time, as prior convictions under USSG § 4B1.1(a). Roper does not dispute that the first conviction—Unlawful Possession of a Controlled Substance with Intent to Distribute—qualifies. He does argue that the other three convictions do not qualify. Dkt. 137 at 6–7. The second relevant conviction—Unlawful Possession of a Controlled Substances—has since been ruled unconstitutional by the Washington Supreme Court. *See State v. Blake*, 197 Wn.2d 170, 195 (2021). The third and fourth relevant convictions—Conspiracy to Unlawfully Possess a Controlled Substance with Intent to Deliver—each have a guideline range of less than one year.[3]

Based on the above, the Court agrees that if Roper were sentenced today, he would not be considered a career offender. Removing the unconstitutional conviction, Roper would have had 12 criminal history points and his Criminal History Category would have been V. He also would have had a lower offense level of 29 instead of 34. Thus, his guideline range would have been 140–175 months. *See* USSG § 5A (Sentencing Table).

[3] At the time of Roper's sentencing, the Ninth Circuit had yet to decide *Valencia-Mendoza*, 912 F.3d at 1219. Prior to issuing that opinion, courts in this circuit looked to the maximum sentence for the offense rather than the actual maximum sentence available in the particular case to determine whether an offense qualified as having a "term exceeding one year." Roper's two conspiracy convictions carried a statutory maximum of 10 years but a sentencing guideline range of 0–12 months. Thus, the conspiracy convictions were considered offenses with a term exceeding one year at the time of his sentencing.

But § 3582(c)(2) only allows the Court to consider amendments to the sentencing guidelines, not changes to case law as is argued here. *See* 18 U.S.C. § 3582 (stating a court may modify a term of imprisonment for a defendant who was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission"). The fact that Roper would no longer be consider a career offender cannot serve as a basis to reduce his sentence under § 3582(c)(2) because it is not the result of an amendment to the sentencing guidelines.[4]

**2. Cocaine Guideline Range**

Roper argues that Amendment 782, which reduced the base offense level in the Drug Quantity Table, USSG § 2D1.1, by 2, applies retroactively and that he therefore qualifies for a sentence reduction. Dkt. 137 at 8. In his initial petition, Roper argued that Amendment 782 makes him eligible for a reduction in sentence under § 3582(c)(2). *See* Dkt. 110. In his supplemental petition, he argues that this Court should consider Amendment 782 as "substantial and compelling" under § 3582(c)(1)(A). Dkt. 137 at 8.

Roper would have qualified for the two-point deduction established by Amendment 782. But that deduction would make no difference if Roper were still considered a career offender—his offense level still would have been increased to 34. While it is true that Roper likely would not have qualified as a career offender if sentenced today, a reduction in his imprisonment is not authorized under § 3582(c)(2) if "an amendment . . . is applicable . . . but the amendment does not have the effect of

[4] Nevertheless, such case law could be considered among the § 3553(a) factors. That will be discussed later in this Order.

lowering [his] applicable guideline range because of the operation of another guideline or statutory provision." Commentary on USSG § 1B1.10.

Roper also argues that his sentence should be reduced considering the sentencing guideline disparities between cocaine base and powder cocaine and that pending legislation—the EQUAL Act—would eliminate the sentencing disparity between cocaine base and powder cocaine. Putting aside the fact that the legislation has yet to be enacted, Roper's designation as a career offender at the time of his sentencing means that the guideline change would make no difference in his offense level, his criminal history category, or his guideline range.

Roper has not met his burden to establish that he is entitled to a sentence reduction based on an amendment to applicable sentencing guidelines under § 3582(c)(2). The applicability of Amendment 782 to a potential reduction in sentence under § 3582(c)(1)(A) will be discussed below.

**B.    Motion to Reduce Sentence Under § 3582(c)(1)(A)**

Another limited circumstances where a Court may reduce a sentence of imprisonment is provided under 18 U.S.C. § 3582(c)(1)(A)(i). Effective December 21, 2018, the First Step Act of 2018 amended § 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for compassionate release:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not

> exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> ***
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; . . . .

18 U.S.C. § 3582(c)(1)(A). Accordingly, a court may reduce a sentence upon motion of a defendant provided that: (1) the inmate has either exhausted his or her administrative appeal rights of the Bureau of Prison's ("BOP") failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established "extraordinary and compelling reasons" for the requested sentence reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement. *See id*.

The Sentencing Commission's policy statement referenced in § 3582(c)(1)(A)(i) provides, in relevant part:

> [T]he court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1)(A) Extraordinary and compelling reasons warrant the reduction;
>
> ***
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

USSG § 1B1.13. However, the Ninth Circuit has held that § 1B1.13 is inapplicable to defendant-initiated motions for compassionate release, joining the many circuits across the country. *See United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) ("We agree

with the persuasive decisions of our sister circuits and also hold that the current version of U.S.S.G. § 1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." (internal citation omitted)). *See also United States v. Brooker*, 976 F.3d 228, 234 (2d Cir. 2020); *United States v. Jones*, 980 F.3d 1098, 1109 (6th Cir. 2020). Rather, USSG § 1B1.13 is helpful guidance to the Court when exercising its discretion.

Therefore, on a defendant-initiated motion under the First Step Act, the defendant must show that they have extraordinary and compelling reasons to warrant their release, and the Court must consider the sentencing factors under § 3553(a).

**1.     Extraordinary and Compelling Reasons**

The Court considers a non-exhaustive list of factors other federal courts have considered in determining whether a defendant has extraordinary and compelling reasons for compassionate release in the context of COVID-19:

> (i) whether the inmate is at higher risk because of his or her age and/or race, *see United States v. Young*, No. CR19-5055 BHS, 2020 WL 2614745, at *3 (W.D. Wash. May 22, 2020); (ii) whether the inmate has one or more, medically-documented, chronic health conditions that render him or her more vulnerable to COVID-19, *see United States v. Locke*, No. CR18-0132 RAJ, 2020 WL 3101016, at *4 (W.D. Wash. June 11, 2020) (observing that the movant's health issues were "not merely self-diagnosed," but rather "medically documented and verified"); *United States v. Rodriguez*, No. 2:03-cr-00271-AB-1, 2020 WL 1627331, at *7 (E.D. Pa. Apr. 1, 2020) (inmate with type 2 diabetes, obesity, hypertension, and liver abnormalities was in a "higher risk category"); (iii) the fatality rate for individuals with similar health conditions as compared with the overall fatality rate for COVID-19, *see id.* (summarizing COVID-19 fatality rates); *United States v. Pippin*, No. 16-0266, 2020 WL 2602140, at *1 (W.D. Wash. May 20, 2020) (granting a motion brought by a defendant suffering from pancytopenia, which is associated with an "over fivefold enhanced risk of severe COVID-19"); (iv) whether the inmate has previously tested positive

> for the coronavirus that causes COVID-19 and, if so, whether the inmate suffers from any long-term effects of the disease, *see United States v. Reynolds*, No. 2:18-cr-00131-RAJ, 2020 WL 3266532, at *3–4 (W.D. Wash. June 17, 2020) (denying a motion for compassionate release brought by an inmate who recovered from and was "not suffering from any reported lingering symptoms" related to COVID-19); and (v) whether the inmate's release is expected to reduce the risk of him or her contracting COVID-19, see *United States v. Sandoval*, No. CR14-5105RBL, 2020 WL 3077152, at *5 (W.D. Wash. June 10, 2020) (declining to release a defendant to a situation that "would likely place him at greater risk"). *United States v. Grubbs*, No. CR16-228 TSZ, 2020 WL 3839619, at *2 (W.D. Wash. July 8, 2020).

The Court finds these factors useful, instructive, and consistent with the analysis of extraordinary and compelling reasons the Court has engaged in with COVID-19 cases. *See, e.g.*, *Young*, 2020 WL 2614745 at *3 (a 64-year-old African American defendant who suffers from hypertension and chronic kidney disease presented extraordinary and compelling reasons); *United States v. Lint*, No. CR18-5152 BHS, 2020 WL 4698815, at *2 (W.D. Wash. Aug. 13, 2020) (a defendant housed at a federal correctional institution that had only two inmates infected with COVID-19 did not present an extraordinary and compelling reason); *United States v. Gray*, No. CR16-5600 BHS, 2020 WL 5759792, at *2–3 (W.D. Wash. Sept. 28, 2020) (a relatively young female defendant with a Body Mass Index of 32.1, while obese, did not present sufficient evidence of extraordinary and compelling reasons without additional evidence of other risk factors). The Court has discretion to consider the factors provided in determining whether Eccles has extraordinary and compelling reasons. *See Aruda*, 993 F.3d at 801 ("district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a

defendant might raise.'" (quoting *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020) (emphasis and alteration in original)).

Roper argues he has demonstrated extraordinary and compelling circumstances because he is suffering ongoing health issues from contracting COVID-19 in January 2021 including a sharp pain in his back and in the back of his neck and shortness of breath. Dkt. 137 at 10. He also states he is at high risk for re-contracting COVID-19 because he has a body mass index ("BMI") of 33. *Id.* at 11. Roper also argues that he suffers from depression and is not on medication.[5] *Id.* at 11. The CDC recognizes that obesity, i.e., having a BMI between 30 and 40, and depression can increase the risk of severe illness from COVID-19.[6] The Government argues that COVID-19 does not itself justify compassionate release and neither does a defendant's "chronic but manageable underlying medical condition." Dkt. 143 at 8–9. The Government further asserts that Roper has received two doses of the Pfizer vaccine and he is therefore at low risk for developing serious illness from COVID-19 if he were to contract it. *Id.* at 14.

The fact that Roper continues to experience sequelae from having contracted COVID-19 puts him in no different circumstances than many prisoners living in custody with chronic medical conditions. The defendant has the burden to establish his

---

[5] BOP records suggest that Roper stopped taking his Zoloft prescription on his own accord. Dkt. 137-1 at 17. It is unclear whether Roper is arguing the medication is being withheld from him, he simply states in his motion that he "stopped taking Zoloft as he was 'non-compliant.'" Dkt. 137 at 11.

[6] Center for Disease Control and Prevention, *People with Certain Medical Conditions,* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last updated Dec. 14, 2021).

entitlement to compassionate release. Roper has not met that burden. Further, it is consistent with this Court's precedent to find that, absent a specific showing that the defendant himself remains especially susceptible to reinfection, a previous diagnosis of COVID-19 cuts against a finding of extraordinary and compelling reasons. *See United States v. Christensen*, No. CR18-5411 BHS, 2020 WL 5982104, at *3 (W.D. Wash. Oct. 8, 2020). And Roper's susceptibility to COVID-19 reinfection is significantly lowered by vaccination.

Roper also alleges non-COVID related circumstances he views as extraordinary and compelling. First, he alleges that he was subject to a carbon monoxide poisoning incident which required hospitalization and has left him subject to retaliation and lack of access to civil counsel after attempting to obtain legal representation. Dkt. 137 at 10–11. Second, he argues he has fully rehabilitated and received maximum benefits from treatment in BOP. *Id.* at 11–12. Finally, he argues that he has strong familial support. *Id.* at 12–13. The Government argues that none of these amount to extraordinary and compelling circumstances justifying release. Dkt. 143 at 14 n.7, 17–18.

Roper's claims about carbon monoxide poisoning and subsequent retaliation are concerning and, if true, may be appropriate for a § 1983 action, but they do not qualify as extraordinary and compelling circumstances warranting compassionate release. Similarly, while the Court acknowledges that Roper may have strong family support and may have rehabilitated while in BOP custody, neither amount to extraordinary and compelling circumstances justifying compassionate release. *See* 28 U.S.C. § 994 ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.").

Roper has not met his burden to establish extraordinary and compelling circumstances justifying compassionate release under § 3582(c)(1)(A)(i).

**2. Changes in Sentencing Guidelines**

In his supplemental petition, Roper argues that changes to the sentencing guidelines constitute extraordinary and compelling circumstances. This question remains largely unaddressed by the Ninth Circuit, and there is a split in authorities on whether legislative and judicial developments are considered extraordinary and compelling circumstances justifying compassionate release under § 3582(c)(1)(A). *Compare, e.g.*, *United States v. Nelson*, No. 1:08-cr-068, 2021 WL 4306100, at *5–6 (S.D. Ohio Sep. 22, 2021) (holding the fact that the defendant would no longer be considered a career offender was not an extraordinary and compelling circumstance under § 3582(c)(1)(A)), *with United States v. Trice*, No. 7:13CR00034-001, 2021 WL 402462, at *2–3 (W.D. Va. Feb. 3, 2021) (considering the fact that the defendant would no longer be considered a career offender and would thus be subject to a lower guideline range an extraordinary and compelling circumstance).[7]

[7] There is similarly a circuit split regarding whether sentencing amendments in the First Step Act constitute extraordinary and compelling circumstances. *Compare, e.g.*, *United States v. Jarvis*, 999 F.3d 442, 445 (6th Cir. 2021) (holding non-retroactive sentencing changes in the First Step Act do not constitute extraordinary and compelling circumstances but may be considered with the § 3553(a) sentencing factors), *with United States v. McCoy*, 981 F.3d 271, 285 (4th Cir. 2020) (holding the disparity between pre-First Step Act and post-First Step Act sentences can constitute an extraordinary and compelling circumstance). The Tenth Circuit has taken a middle ground. *See United States v. McGee*, 992 F.3d 1035, 1048 (10th Cir. 2021) (holding that changes in the First Step Act cannot alone be extraordinary and compelling circumstances but could constitute an extraordinary and compelling circumstance when combined with "a defendant's unique circumstances").

In *United States v. Lizarraras-Chacon*, 14 F.4th 961, 963 (9th Cir. 2021), the Ninth Circuit considered a related issue: whether legislative or judicial developments affecting mandatory minimums that fell outside of the explicit confines of § 3582(c)(2) were relevant to the Court's consideration of § 3553(a) factors. The court explained that § 3582(c)(2) analysis proceeds in two parts under *Dillon v. United States*, 560 U.S. 817 (2010). The first step is confined by the words of the statute which only permits the court to consider amendments to the sentencing guidelines made "by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." 18 U.S.C. § 3582(c)(2). The second step allows the court to consider the "totality of the circumstances" under the § 3553(a) factors. *Lizarraras-Chacon*, 14 F.4th at 965–66. The Ninth Circuit held that legislative or judicial develops affecting mandatory minimums could be considered among the § 3553(a) factors. *Id.* at 967. The court held that such considerations were particularly relevant to "the 'nature and circumstances of the offense,' the 'seriousness of the offense,' the needs 'to provide just punishment for the offense,' and 'to afford adequate deterrence to criminal conduct.'" *Id.* (quoting §§ 3553(a)(1), (2)(A)–(B)).

While *Lizarraras-Chacon* only addresses the applicability of legislative and judicial developments to compassionate release under § 3582(c)(2), it provides guidance in this case. It is clear that legislative and judicial developments are relevant to the § 3553(a) factors. As in § 3582(c)(2) cases, the court only considers the § 3553(a) factors at the second step of the § 3582(c)(1)(A)(i) analysis—first, the court must consider whether there are extraordinary and compelling reasons that would justify compassionate release. The implication of *Lizarraras-Chacon* is that legislative and judicial

developments should be considered only as part of the Court's § 3553(a) analysis and not considered extraordinary and compelling reasons.[8]

Thus, legislative and judicial developments are to be considered by the Court along with the § 3553(a) sentencing factors, not as extraordinary and compelling circumstances. To reach the § 3553 factors, the Court would need to conclude that there are extraordinary and compelling circumstances justifying compassionate release. Roper has not met his burden to establish extraordinary and compelling circumstances justifying compassionate release under § 3582(c)(1)(A)(i), and the Court will thus not consider the § 3553(a) factors. Roper's motion for compassionate release is, therefore, denied without prejudice.

---

[8] Notably, another court in this circuit recently concluded the opposite in a similar case without considering the implications of *Lizarraros-Chacon*. *See United States v. Kanohokula*, __ F. Supp. 3d. __, 2021 WL 5411211 (D. Haw. Nov. 18, 2021). There, the district court held that "non-retroactive changes in law regarding 'career offender' designations *can* constitute extraordinary and compelling reasons to reduce sentences under § 3582(c)(1)(A) when considered on an individual basis." *Id.* at *6 (emphasis in original). While the decision is well-reasoned, this Court concludes that the Ninth Circuit's holding in *Lizarraros-Chacon* changes the analysis and defines the parameters for considering legislative and judicial developments in compassionate release cases. Though the Court interprets *Lizarraros-Chacon* as precluding it from considering such changes as extraordinary and compelling reasons, the Ninth Circuit may arrive at a different conclusion upon consideration of the same issue, and the issue appears ripe for appeal.

**III. ORDER**

Therefore, it is hereby **ORDERED** that Defendant Jerramey Roper's Motion to Reduce Sentence, Dkt. 110, and Supplemental Motion to Reduce Sentence, Dkt. 137, are **DENIED** and that Plaintiff United States of America's Motion to Seal, Dkt. 144, is **GRANTED**.

Dated this 27th day of January, 2022.

BENJAMIN H. SETTLE
United States District Judge

